CITY OF ST. LOUIS v. MARY E. SESSINGHAUS,
Appellant.

Division Two, February 2, 1909.

CONFESSED ERROR: Remanded But Not Reversed. Respondent (plaintiff) confesses error for that in the trial the taxbill on which the suit is founded was not offered in evidence. *Held*, that the judgment will be reversed and the cause remanded for new trial, and will not be reversed without remanding. On a new trial defendant will not be confronted with a holding of this court that the point relied upon for a reversal was ruled against her.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins*, Judge.

REVERSED AND REMANDED.

*Earl M. Pirkey* for appellant.

BURGESS, J.—By stipulation between the parties to this suit, by their respective attorneys, error is confessed. The judgment is reversed, and the cause remanded.

Defendant has filed in this court a motion to modify the order and judgment reversing the judgment of the lower court and remanding the cause so that the judgment may simply be reversed, without remanding.

We were in error in stating that the parties to the suit, by stipulation, confessed error, when in fact it

was the plaintiff only. There was failure of proof on the part of plaintiff in the trial court in not offering in evidence the taxbills on which the suit is founded, and plaintiff confesses error in this respect and in the action of the court in overruling defendant's motion for a new trial.

The appellant insists that she is entitled to a reversal of the judgment, without remanding the cause, and that if this be not done the trial court, upon another trial, will probably consider the point relied upon for reversal as being ruled against her, and will follow such supposed ruling, and that in such event another appeal might be necessary, thus unjustly subjecting her to the expense and delay of another trial and appeal in order to clear the title to her property.

We are not impressed with the logic or fairness of this contention. Because the respondent confesses error upon this one point is no reason for presuming that it will occur upon another trial, or that there is merit in appellant's contentions as to other assigned errors of the trial court. If error had not been confessed in this court, but the case heard, and the judgment reversed .and the cause remanded for new trial upon the single ground of plaintiff's failure to introduce the taxbills in evidence, it will hardly be contended that the case would not be for trial *de novo,* or that plaintiff, with the permission of the court, would not, upon retrial, have the right to introduce additional evidence, or amend its pleadings if necessary.

To sustain the defendant's contention would be to deprive plaintiff of the right to a hearing of its whole case. This we shall not do. The error confessed can be corrected, of course, upon retrial of the cause.

We modify the statement, but overrule the motion to modify the order and judgment. All concur.